IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE<br>EXTRADITION OF ALTIN HASANI<br>aka ALTIN HASNI | 2:14-mj-189<br>Magistrate Judge King |

**FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND CERTIFICATION OF EXTRADITABILITY**

The United States, acting on the request of the Republic of Albania ("Albania"), brings this proceeding pursuant to 18 U.S.C. § 3184 seeking extradition of one Altin Hasani, also known as Altin Hasni, who was found guilty *in absentia* in 1999 of the 1990 premeditated murder of Niko Bleta and sentenced to a term of imprisonment of 22 years.  Altin Hasani ("Hasani") was arrested in this district on April 28, 2014.  An extradition hearing was held on July 8, 2014. Hasani was present with his counsel. Nathaniel Simon, an officer of the United States Department of Homeland Security, and Armand Hasani, Hasani's brother, testified at that hearing.

I.   EVIDENCE IN SUPPORT OF EXTRADITION REQUEST[1]

The person whose extradition is sought was originally identified by Albania as "Altin Hasani, born in 1972, in Tirana, Albania." *Complaint for Extradition*, PageID# 53, ECF 1. Had this person been born in 1972, he would have been eighteen years of age at the time of

---

[1] The original certified and ribboned extradition documents have been filed with the Court.  *See* 18 U.S.C. § 3190. Copies of those documents have been electronically filed as well. *Complaint for Extradition*, ECF 1; *Government's Notice of Filing of Supplement to the Request for Extradition by Albania*, ECF 21.  For clarity's sake, the Court will refer to the electronic copies of those documents.

1

the crime.  Albania subsequently supplemented its extradition request, indicating that the person sought was born on "30.05.1973," in "Tirane."  *Government's Notice of Filing of Supplement to the Request for Extradition by Albania,* PageID# 424, ECF 21 ("*Supplement to Request for Extradition*").  A person born on that date would have been 17 years of age at the time of the crime. The person sought is described as an Albanian national who lived in the Ali Demi quarter of the Tirana District; his father's name is Sabaudin Hasani, his mother's name is Hane Hasani and his brother's name is Armand Hasani.  *Id*.

The request for extradition arises out of the October 23, 1990 murder of Niko Bleta. *Complaint for Extradition*, at PageID# 132. The investigation into the murder of Bleta was suspended several months later when the suspected murderer could not be located. *See, e.g., id.* at PageID# 119 (suspect "left to an unknown location and . . . could not be discovered or captured"); *Supplement to Request for Extradition*, PageId# 422.  The criminal investigation resumed in June 1998.  *Complaint for Extradition,* PageID# 121.

On April 29, 1999, a public hearing was held in the District Court of Tirana, Albania, in a case charging "Altin Hasani, son of Dino, born in 1972," *id.* at  PageID# 133, with premeditated murder in violation of "Article 78 of the Criminal Code."  *Id*. at PageID# 132. The defendant was "tried in absentia, defended by the lawyer assigned ex officio by the court." *Id*.  The evidence adduced at the hearing included the testimony of Ilir Banushi and Oltion Sina and the statements of Pellumb Mema, Shyqyri Xibaku and Nusrete Elmazi and

2

investigative notes and documents. A written decision, *id*. at PageID# 132-34, summarized the evidence:

On October 23, 1990, Altin Hasani met two friends, "Ilir Banushi" and "Oltion Sina," for lunch at a cafeteria. After they arrived at the dining hall, Altin Hasani left his friends, went to a nearby table and stabbed Bleta in the chest with a cafeteria knife. Bleta died en route to the hospital. Altin Hasani left the cafeteria and later told Banushi and Sina that he had stabbed Bleta in order to honor the last wishes of a friend whose sister had been mistreated by Bleta. "After administering written evidence, listening to the final deliberations of the litigants," *id*., the judge found the defendant guilty and imposed a sentence of 22 years' imprisonment. *Complaint for Extradition*, PageID# 132-34. That conviction became final on May 9, 1999. *Supplement to Request for Extradition*, PageID# 423.

On October 6, 2011, Hasani applied for United States citizenship. *Declaration of Nathaniel Simon*, ¶5, attached to *Complaint for Extradition*. His Albanian passport reflects a birthdate of May 30, 1973, in "Tirane." *Complaint for Extradition*, PageID# 27. His immigration documents indicate that he most recently arrived in the United States in 2000, *id*. at PageID# 28, that he was born on May 30, 1973, *id*., that his mother's first name is "Hena" and that his father's first name is "Sabaudin," *id*. at PageID# 29.

A background check conducted in connection with that application revealed an "Interpol diffusion"[2] indicating that Hasani was wanted for

---

[2] An Interpol diffusion is an alert identifying the person sought and summarizing the crime allegedly committed and the relevant judicial proceedings. *Extradition Hearing Transcript,* PageID# 478, ECF 22.

3

murder in Albania. *Declaration of Nathaniel Simon*, ¶ 6. That diffusion described Hasani as having been born on May 30, 1973 in Tirana, Albania, of "Sabaudin" and "Hane" Hasani. *Id*. Hasani's hair and eye color were described as "Black" and his skin color was described as "Gypsy." *Id*.

The color photograph provided by Hasani in connection with his application for citizenship was sent to Albanian officials. *Id.* at ¶ 8. On November 14, 2012, that photograph was included with the photographs of four (4) other Albanian nationals and shown to Ilir Banushi and Oltion "Sini." *Complaint for Extradition*, PageID# 83-85; 88-90. Both identified Hasani's photograph as "resembl[ing]" Altin Hasani, although Altin Hasani was "slimmer" in 1990. *Id.* at PageID# 83, 84, 89. *See also id*. at PageID# 95-99 (photographs depicting the identification process).[3]

Albania thereafter asked that Hasani be extradited.

## II. APPLICABLE STANDARDS AND PROCEDURES

A magistrate judge must issue a certificate of extraditability to the Secretary of State of the United States if the magistrate judge determines that the evidence is sufficient "to sustain the charge under the provisions of the proper treaty or convention . . . ." 18 U.S.C. § 3184. The person whose extradition is sought is entitled to a hearing. *Id*. However, the evidence supporting extradition need not be the same quantum of evidence required to convict the individual whose extradition is sought; the extradition court must determine only

---

[3] It appears that the original declarations are signed by Banushi and Sini. *Complaint for Extradition*, PageID# 74, 78. The translations, however, appear to incorrectly identify Banushi as the signatory of both declarations. *Id.* at PageID# 76, 80.

4

whether there "probable cause" or "reasonable grounds" to believe that the individual is guilty of the crime charged. *Fernandez v. Phillips*, 268 U.S. 311, 312 (1925). Certification is required where (1) the judge has jurisdiction to conduct the extradition proceeding; (2) an extradition treaty is in effect and the crime charged is covered by the treaty terms; (3) and there is reasonable ground to believe that the alleged fugitive is guilty. *Id*. at 312. See also *In re the Matter of the Extradition of Michael John Drayer,* 190 F.3d 410, 415 (6th Cir. 1999).

Extradition is primarily an executive function rather than a judicial function. *Hoxha v. Levi*, 465 F.3d 554, 560 (3d Cir. 2006) (affirming certification of extradition of naturalized Albanian convicted of murder *in absentia*)(citing *Martin v. Warden, Atlanta Pen*, 993 F.2d 824, 828 (11th Cir. 1993)). If probable cause is found, the court must issue a certificate of extraditability and "the Secretary of State conducts an independent review of the case to determine whether to issue a warrant of surrender." *Id*. "The Secretary exercises broad discretion and may properly consider myriad factors affecting both the individual defendant as well as foreign relations, which the extradition magistrate may not." *Id.*

The evidence relied upon by the United States in support of its request for extradition must be properly authenticated, *see* 18 U.S.C. §3190, but if properly authenticated, that evidence may be received in an extradition proceeding and relied upon by the extradition court. *Demjanjuk v. Petrovsky*, 776 F.2d 571, 576 (6th Cir. 1985), *vacated on other grounds* 10 F.3d 338 (6th Cir. 1993). *See also Collins v. Loisel*,

5

259 U.S. 309, 317 (1922). Moreover, neither the Federal Rules of Criminal Procedure and nor the Federal Rules of Evidence apply to an extradition proceeding. *See* Fed. R. Crim. P. 1(a)(5)(A); Fed.R.Evid. 1101(d)(3).

Because of the limited purpose of an extradition hearing, the person whose extradition is sought has only a limited right to proffer evidence in opposition to the extradition request. Evidence that merely contradicts the evidence submitted in support of extradition, or which merely attacks the credibility of that evidence, is insufficient; only evidence that explains the evidence submitted in support of extradition is admissible. *Collins*, 259 U.S. at 315-17. To hold otherwise would be tantamount to a trial on the merits on the underlying criminal charge and

> would give [an alleged fugitive] the option of insisting upon a full hearing and trial of his case here; and that might compel the demanding government to produce all of its evidence here, both direct and rebutting, in order to meet the defense thus gathered from every quarter. The result would be that the foreign government though entitled by the terms of the treaty to the extradition of the accused for the purpose of a trial where the crime was committed, would be compelled to go into a full trial on the merits in a foreign country, under all the disadvantages of such a situation, and could not obtain extradition until after it had procured a conviction of the accused upon a full and substantial trial here. This would be in plain contravention of the intent and meaning of the extradition treaties.

*Id.* at 316 (quoting *In re Wadge*, 15 F. 864, 866 (D.C.N.Y. 1883)).

Lastly, an extradition court must adhere to the "rule of non-inquiry," pursuant to which "courts refrain from investigating the fairness of an underlying nation's justice system, and from inquiring into the procedures or treatment which await a surrendered fugitive in

6

the requesting country." *United States v. Kin-Hong*, 110 F.3d 103, 110 (1st Cir. 1997). "The non-inquiry principle serves interests of international comity by relegating to political actors the sensitive foreign policy judgments that are often involved in the question of whether to refuse an extradition request." *Hoxha*, 465 F.3d at 563. *See Prasoprat v. Benov*, 421 F.3d 1009, 1016 (9th Cir. 2005). *See also Munaf v. Geren*, 553 U.S. 674, 695 (2008)("Not only have we long recognized the principle that a nation state reigns sovereign within its own territory, we have twice applied that principle to reject claims that the Constitution precludes the Executive from transferring a prisoner to a foreign country for prosecution in an allegedly unconstitutional trial.").

**III. FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Based upon the hearing testimony and all the exhibits admitted into evidence, the Court makes the following findings of fact and conclusions of law.

**A. This Judge Has Jurisdiction**

The statute governing extradition proceedings authorizes a magistrate judge to conduct extradition proceedings. 18 U.S.C. § 3184. Hasani does not dispute the jurisdiction and authority of this Court in these proceedings. *Altin Hasani's Memorandum in Opposition to Extradition,* PageID# 325; *Extradition Hearing Transcript*, PageID# 557, ECF 22.

**B. An Extradition Treaty Is in Effect**

Hasani argues that there was no extradition treaty in effect between the United States and Albania during the relevant time frame. He acknowledges that the United States established diplomatic

7

relations with Albania in 1922 and that the two nations entered into a treaty of extradition effective November 14, 1935. *Altin Hasani's Memorandum in Opposition to Extradition,* PageID# 325-26. *See Treaty of Extradition between the United States of America and the Kingdom of Albania,* attached to *Complaint for Extradition* ("Treaty"), PageID# 43 – 52. However, Hasani argues that, because the murder at issue in this matter occurred in 1990, at a time when diplomatic relations between the United States and Albania were suspended, see *Defendant's Exhibit K*, the Treaty cannot be retroactively applied to him. *Altin Hasani's Memorandum in Opposition to Extradition,* PageID# 325-26,

    This argument is not well-taken. Courts consider the status of a treaty between a demanding nation and an asylum nation at the time of the demand, not at the time of the alleged crime. *See, e.g.*, *Oppenheim v. Hecht*, 16 F.2d 955, 956 (2nd Cir. 1927); *In re Ryan*, 360 F.Supp. 270, 272 n.2 (E.D.N.Y 1973); *Gallina v. Fraser*, 177 F. Supp. 856, 864 (D. Conn. 1959). Jason A. Biros, an Attorney Advisor for the Department of State, has verified that the Treaty between the United States and Albania is presently in full force and effect, *Declaration of Jason A. Biros,* ¶ 3, attached to *Complaint for Extradition*, PageID# 36, a fact that Hasani does not dispute. Accordingly, this Court finds that the extradition Treaty between the United States and Albania is in effect and that the Treaty governs these extradition proceedings.

**C.    The Treaty**

    Article I of the Treaty requires the contracting parties "to deliver up to justice" any person "charged with or convicted of, any

8

of the crimes or offenses specified in Article II [of the Treaty] committed within the jurisdiction of" one of the parties to the Treaty.  Treaty, PageID# 44.  Article II of the Treaty lists a series of extraditable offenses, including:

> 1. Murder, (including crimes designated by the terms parricide, poisoning, and infanticide); manslaughter, when voluntary.

*Id.*

Hasani does not argue that the crime at issue in this case is not covered by the Treaty.  Rather, he asserts that, under Article V of the Treaty, his extradition is barred by Albania's statute of limitations.  *Altin Hasani's Memorandum in Opposition to Extradition*, PageID# 326-28.

Article V of the Treaty provides:

> A fugitive criminal shall not be surrendered under the provisions hereof, when, from lapse of time or other lawful cause, according to the laws of the demanding country, the criminal is exempt from prosecution or punishment for the offense for which surrender is asked.

Treaty, PageID# 48. As noted *supra*, the judgment sentencing Altin Hasani to twenty-two years in prison became final on May 9, 1999. *Complaint for Extradition*, PageID# 71. Article 68 of the Albanian Criminal Code establishes a statute of limitations in connection with the enforcement of criminal sentences. *Complaint for Extradition*, PageID# 157; *Supplement to Request for Extradition*, PageID# 427. A prison sentence ranging from fifteen to twenty-five years may not be enforced after twenty (20) years; a prison sentence ranging from five to fifteen years may not be enforced

9

after ten (10) years. *Id*.[4] If the twenty (20) year statute of limitations applies, the 1999 sentence may be enforced through 2019 and the extradition request is not untimely. Hasani contends that it is the ten (10) year statute of limitations that applies in this case and that the 1999 sentence therefore lapsed in 2009.

In support of this contention, Hasani points to Article 51 of the Albanian Criminal Code, which limits a sentence for a minor at the time of the offense (defined as a person under 18 years of age) to a term not exceeding half the term established by law for the offense. *Altin Hasani's Memorandum in Opposition to Extradition,* PageID# 327, 337; *Defendant's Exhibit A*. Article 78 of the Albania Criminal Code establishes a sentencing range for premeditated murder of fifteen to twenty-five years. *Supplement to Request for Extradition,* PageID# 204; *Defendant's Exhibit A*. Accordingly, Hasani argues, his minority status at the time of the murder, even assuming his guilt, properly exposed him to a sentence of no more than 12 ½ years. *Id.* at PageID# 327. It therefore follows, according to Hasani, that the ten (10) year statute of limitations established in Article 68 of the Albanian Criminal Code in connection with sentences ranging from five to fifteen years renders these proceedings untimely. *Id*. at PageID# 328, 337.

Hasani's contention in this regard is not well-taken. By the express language of Article 68, it is the actual sentence imposed that controls the applicable statute of limitations. Moreover, Florian

---

[4] "The sentence is not executed if from the day it becomes final have elapsed:
  a) Twenty years for imprisonment sentences between fifteen to twenty-five years;
  b) Ten years for imprisonment sentences between five to fifteen years; . . . ."
*Complaint for Extradition*, PageID# 159.

Bonjaku, the District Prosecutor of Tirana, confirms that, under Albanian law, which statute of limitations applies turns on the sentence imposed rather than on the age or other characteristic of the defendant. *Supplement to Request for Extradition*, PageID# 425. Because the sentence actually imposed in 1999 was a sentence of twenty-two years, it is the twenty (20) year statute of limitations that applies.[5]

To the extent that Hasani's contention in this regard challenges the propriety of the sentence imposed in 1999, his argument fares no better. This Court is neither required nor permitted to pass judgment on the regularity of Albania's judicial proceedings. *See Skaftourous v. United States*, 667 F.3d 144, 156 (2nd Cir. 2011)("Any arguments regarding the demanding country's compliance with its own laws, therefore, are properly reserved for the courts of that country.")(citing *Fernandez v. Phillips*, 268 U.S. at 312).

In sum, this Court concludes that the crime of premeditated murder is covered by the terms of the Treaty and that the statute of limitations governing the sentence actually imposed has not expired.

**D.  The Evidence Is Sufficient to Support Extradition**

When determining whether "the evidence [is] sufficient to sustain the charge under the provisions of the proper treaty," 18 U.S.C. §3184, courts must determine "whether there was any evidence warranting the finding that there was reasonable ground to believe the

---

[5] The Albanian Prosecutor also represents that, under Albanian law, the subject of extradition has the right, under certain circumstances, to "request the review of the final criminal decision." *Supplement to Request for Extradition*, PageID# 425. Moreover, the Attorney for the Government represented at the extradition hearing that "the Department of State will only surrender Altin Hasani for the prosecution of the original offense, not enforcement of the 22-year sentence in absentia." *Extradition Hearing Transcript*, PageID# 473.

accused guilty." *Fernandez v. Phillips*, 268 U.S. at 312.[6] Hasani does not deny the fact of the murder of Niko Bleta; he does, however, deny that he is the Altin Hasani who was convicted *in absentia* for that murder. In support of this contention, Hasani notes numerous inconsistencies in the record and argues that, taken as a whole, the evidence of record "obliterates probable cause." *Altin Hasani's Memorandum in Opposition to Extradition*, PageID# 330.

Hasani first points to the decision of conviction *in absentia,* which referred to the defendant as "Altin Hasani, son of Dino, born in 1972 . . . ." *Complaint for Extradition*, PageID# 132,[7] and notes that he was born in 1973 and that his father's first name (and therefore Hasani's own middle name, *see Extradition Hearing Transcript*, PageID# 539-40) is Sabaudin.[8] Hasani also contends that, according to Albania, the perpetrator fled Albania, citing *Complaint for Extradition*, PageID# 69, 128, but that Hasani did not arrive in the United States until long after that date.[9] Moreover, Hasani's brother Armand testified at the extradition hearing that, from 1990 until 2001,

---

[6] Courts do not generally treat a conviction *in absentia* as, alone, sufficient to establish probable cause. *See, e.g., Argento v. Horn*, 241 F.2d 258 (6th Cir. 1957); *In the Matter of the Extradition of Ndue Harusha*, 2008 WL 1701428 (E.D. Mich. Apr. 9, 2008).

[7] Albanian documents also refer to the alleged perpetrator as "Altin Hasani, son of Dine . . . ." *Complaint for Extradition*, PageID# 125.

[8] The United States has offered evidence that "Dino" and "Dine" are nicknames for "Sabaudin." *Supplement to Request for Extradition*, PageID# 202. Armand Hasani testified that neither "Dino" nor "Dine" is a shortened version of "Sabaudin." *Extradition Hearing Transcript*, PageID# 540.

[9] Albanian documents do not actually state that the alleged perpetrator fled Albania. Rather, the documents state that the suspect "fled immediately after committing the crime," *Complaint for Extradition*, PageID# 69, and "left to an unknown direction," *id*. at PageID# 119, 121, 128.

12

Hasani "lived some time in Albania . . . ." *Extradition Hearing Transcript*, PageID# 525-26.[10]

Referring to *Defendant's Exhibit H*, PagedID# 361, which appears to be a photocopy of a March 28, 2014 news article that mentions an Albanian national in a Greek jail by the name of "Altin Hasani," Hasani also contends that his name is such a common name in Albania as to cast doubt on his identity as the person sought to be extradited.[11] Hasani also challenges the reliability of the process by which Banushi and Sina identified Hasani's photograph as resembling the Altin Hasani who murdered Bleta. *See Defendant's Exhibit I, Defendant's Exhibit J.*

Taken together, Hasani argues, these facts and the inconsistencies in the evidence offered in support of extradition not only explain but "obliterate[] probable cause" to believe that he is the Altin Hasani sought. *Altin Hasani's Memorandum in Opposition to Extradition,* PageID# 332. This Court disagrees.

Albania seeks the extradition of Altin Hasani, born on May 30, 1973 in Tirana, the son of Sabaudin and Hena Hasani and the brother of Armand Hasani, and formerly a resident of the Ali Demi Quarter of Tirana, Albania. The United States has offered admissible evidence that Hasani is that person. Any contrary evidence, or inconsistencies

---

[10] Armand Hasani also testified, however, that Hasani was not continuously in Tirana, Albania. According to Armand, Hasani also travelled to Greece and Germany at various times before arriving in the United States in 2001. *Extradition Hearing Transcript*, PageID# 525-29.

[11] The United States has offered the statement of the Tirana Prosecutor, who represents that four (4) persons with the name Altin Hasani have been registered in Tirana, Albania, but that only one such person is a resident of the Ali Demi Quarter. *Supplement to Request for Extradition*, PageID# 423-24. Hasani grew up in the Ali Demi Quarter which, according to Armand Hasani, is the size of Gahanna, Ohio, "maybe a little bit bigger." *Extradition Hearing Transcript*, PageID# 522-23.

13

in the evidence, does not explain that evidence but merely goes to the weight or credibility of the Government's proof and is therefore insufficient to overcome the request for extradition. *See Collins*, 259 U.S. at 315-17.

The Court therefore concludes that the evidence is sufficient to support a finding of probable cause as to the charge for which extradition is requested. The Court therefore **GRANTS** the request for the extradition of Altin Hasani.

The Court hereby **CERTIFIES** to the Secretary of State of the United States, as required by 18 U.S.C. § 3184, that Altin Hasani is extraditable.

**IT IS THEREFORE ORDERED** that the Clerk of this Court deliver to the Assistant United States Attorney of record in this case a certified copy of this certification for transmission to the Secretary of State of the United States.

**IT IS FURTHER ORDERED** that Altin Hasani be committed to the custody of the United States Marshal pending final disposition of this matter by the Secretary of State of the United States, at which time he will be transferred to the agents of the requesting government for return to the Republic of Albania.

> *s/   Norah McCann King*
> Norah McCann King
> United States Magistrate Judge
> September 12, 2014